Subsequent to the hearing before former Deputy Commissioner Pittman, the parties were allowed thirty days within which to submit additional medical records. Records regarding treatment of plaintiff in 1996 at New Hanover Regional Medical Center and Southeastern Center for Mental Health, Developmental Disabilities, and Substance Abuse Services, were submitted and received into evidence. However, other records which plaintiff alluded to during his testimony at the hearing on 9 May 1996 regarding treatment for his alleged back injury of 1993 were not submitted during said thirty day period and not made part of the evidence of record. Because neither plaintiff nor defendants could provide these records, defendants moved for a decision solely on the issue of compensability, and said Motion was granted.
* * * * * * * * * *
The Full Commission has reviewed this matter based on the record of the proceedings before former Deputy Commissioner Jan N. Pittman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 9 May 1996 as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the relevant times in issue.
2. At all relevant times herein, an employer-employee relationship existed between plaintiff and defendant-employer.
3. At all relevant times herein, Reliance Insurance Company was the workers' compensation carrier on the risk for defendant-employer.
4. Plaintiff's average weekly wage at the relevant times was $437.95.
* * * * * * * * * * *
The Full commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a fifty-four year old male with a GED certificate who became employed with defendant-employer in April 1993 as a painter at defendant-employer's job site located at the Carolina Power and Light New Brunswick Nuclear Facility. Plaintiff was part of an eight to ten person work crew responsible for climbing ladders or scaffolding to clean and paint pipes and walls at the facility. In carrying out his job duties, plaintiff was not required to engage in a significant amount of lifting; however, plaintiff was required to engage in a significant amount of bending and twisting.
2. Plaintiff alleges that sometime during June or July 1993 while wiping down some pipes in preparation for painting, he "twisted some way", sustaining an injury to his lower back.
3. Following his alleged injury, plaintiff also testified that he did not immediately report this injury to his supervisor as required by defendant-employer's policy, a copy of which plaintiff had signed upon commencement of his employment.
4. Also, following this alleged injury, plaintiff testified he continued working for defendant-employer until 21 July 1993 when Carolina Power and Light Company officials detained him at the end of his work day and revoked his security clearance for not fully disclosing his prior criminal record.
5. When plaintiff returned to the work site on 22 July 1993, he was told he was no longer allowed to work there since his security clearance had been revoked. It was not until after 22 July 1993 that plaintiff informed his supervisor of his alleged injury.
6. Plaintiff is unable to recall the date of his alleged injury and in fact has given conflicting testimony and information as to when this alleged injury occurred. As aforementioned, plaintiff testified that this alleged injury happened possibly during the second week of June; however, when questioned by safety personnel on 27 July 1993, plaintiff stated that the alleged injury had occurred three weeks earlier which would have been 6 July 1993.
7. After plaintiff's security clearance had been revoked, and after plaintiff reported this alleged injury to defendant-employer, an investigation was conducted regarding plaintiff's alleged injury by defendant-employer including an interview of plaintiff, Carolina Power and Light Company officials and members of plaintiff's work team which plaintiff had identified as having information regarding his alleged injury. During the interview with plaintiff as part of this investigation, plaintiff was primarily concerned with the fact that his security clearance had been revoked, and the investigation furthermore failed to establish that plaintiff had told any of the Carolina Power and Light Company officials or his co-workers of his alleged injury, contrary to plaintiff's allegations.
8. Prior to commencing work with defendant-employer in April 1993, plaintiff had problems working around people for long periods of time and had filed for social security disability benefits due to emotional problems.
9. The medical records received into evidence following the hearing indicate that plaintiff continues to be treated for emotional problems and has also been treated for a low back condition. As of April 1996 he has been diagnosed with lumbar pain associated with spinal stenosis. However, these medical records do not relate plaintiff's back condition to any alleged injury occurring during his employment with defendant-employer in 1993.
10. Plaintiff has given vague contradictory statements regarding the occurrence of his alleged injury. Furthermore, plaintiff's testimony and statements that he reported this alleged injury to other co-workers when it occurred is not corroborated by other evidence of record and the undersigned finds that plaintiff did not report this alleged injury to defendant-employer until after his security clearance was pulled on 21 July 1993. Furthermore, in this regard, it appears that plaintiff worked for defendant-employer, depending on which version you wish to accept regarding timing of plaintiff's alleged injury, for between three weeks to six weeks following the alleged injury without reporting it to defendant-employer and without seeking medical treatment. Again, it was not until after plaintiff's security clearance was pulled on 21 July 1993 that plaintiff made an allegation of an on-the-job injury.
11. When assessing plaintiff's demeanor in conjunction with the evidence of record, plaintiff's testimony is not deemed credible. Plaintiff has failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer, or that he sustained a back injury as the result of a specific traumatic incident of the work assigned.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commissioner concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer in June or July, 1993, nor did plaintiff sustain a back injury as the result of a specific traumatic incident of the work assigned. G.S. § 97-2(6).
2. Plaintiff is, therefore, not entitled to benefits pursuant to the provisions of the North Carolina Worker's Compensation Act. G.S. § 97-2 et seq.
* * * * * * * * * * *
ORDER
1. Plaintiff's claim under the law must be, and the same is HEREBY DENIED.
2. Each side shall pay its own costs.
This the 10th day of March, 1997.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER